**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 8 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MYYESHIA L. TAYLOR,

Defendant - Appellant.

No. 24-6464

D.C. No.
3:23-cr-00056-SI-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted June 11, 2026
Portland, Oregon

Before: CHRISTEN, HURWITZ, and BADE, Circuit Judges;
Partial Concurrence and Partial Dissent by Judge Bade.

Myyeshia Taylor appeals her conviction and sentence for being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g). Because the parties are

familiar with the facts, we do not recount them here. We have jurisdiction

pursuant to 28 U.S.C. § 1291. We review constitutional challenges to a sentence

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

de novo, *United States v. Leon H.*, 365 F.3d 750, 752 (9th Cir. 2004), the district court's application of the Sentencing Guidelines for abuse of discretion, *United States v. Harris*, 999 F.3d 1233, 1235 (9th Cir. 2021), and unpreserved claims of prosecutorial misconduct for plain error, *United States v. Geston*, 299 F.3d 1130, 1134 (9th Cir. 2002). We affirm Taylor's conviction, vacate her sentence, and remand for resentencing.

1. Taylor contends the district court violated the Sixth Amendment by relying on acquitted conduct to find that she possessed a firearm "in connection with another felony offense." U.S. Sent'g Guidelines Manual § 2K2.1(b)(6)(B) (U.S. Sent'g Comm'n 2023) (U.S.S.G.). But we have held that under the version of the Sentencing Guidelines in effect at the time of Taylor's sentencing, "the use of acquitted conduct at sentencing does not violate" the Sixth Amendment. *United States v. Mercado*, 474 F.3d 654, 657 (9th Cir. 2007).[1] Taylor fails to identify any "intervening higher authority" inconsistent with *Mercado*. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

2. Taylor argues the district court failed to make the factual findings required to impose an obstruction of justice enhancement based on perjury. *See*

---

[1] Because Taylor was sentenced ten days before Amendment 826 to the Sentencing Guidelines went into effect on November 1, 2024, *see* U.S. Sent'g Guidelines Manual app. C, amend. 826 (U.S. Sent'g Comm'n 2025), that amendment does not apply here, *United States v. Thomsen*, 830 F.3d 1049, 1071 (9th Cir. 2016).

U.S.S.G. § 3C1.1. Our controlling precedent provides that for "perjury to amount to obstruction of justice," the district court must make "express findings on all three prongs" of the perjury definition: (1) false testimony; (2) on a material matter; (3) with willful intent. *United States v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014); *see also United States v. Herrera-Rivera*, 832 F.3d 1166, 1174-75 (9th Cir. 2016). The district court must make the "determinations explicitly for our review." *Castro-Ponce*, 770 F.3d at 822.

Here, the district court failed to make an express finding of willful intent. The court imposed the obstruction enhancement based on Taylor's testimony that she "assumed" her prior convictions had been expunged. Taylor testified that she believed a clinic had expunged her criminal history, citing text messages she had sent to family members expressing that belief. After the district court voiced its blanket agreement with the reasons the government provided in its sentencing memorandum for finding a base offense level of 26, the government inquired whether the court was finding that Taylor's statements "were willful and material." The court answered "yes," and stated that it was "basing it in part, too, on the fact that [the testimony] did come fairly shortly after one of the juror questions asked about expungement." The district court did not mention willfulness, explain the basis for its apparent inference, nor explicitly find that Taylor "inten[ded] to obstruct justice by lying under oath." *See United States v. Ho-Romero*, 167 F.4th

3                                                                24-6464

1037, 1046 (9th Cir. 2026); *id.* (recognizing "that a defendant who intentionally lies while testifying may do so without willfully intending to obstruct justice"). Moreover, the cursory reference to the government's sentencing memorandum does not satisfy the court's obligation to "make independent findings" for each element of perjury. *United States v. Williams*, 172 F.4th 791, 801 (9th Cir. 2026) (quoting *United States v. Dunnigan*, 507 U.S. 87, 95 (1993)).

3. Taylor argues the district court erred by increasing her base offense level under U.S.S.G. § 2K2.1(a)(4) on the ground that her prior Oregon conviction for first-degree arson is a crime of violence. Applying the modified categorical approach, we conclude that the indictment and criminal judgment establish that Taylor was convicted of "intentionally damag[ing]" the "[p]rotected property of another" by "starting a fire" in violation of Or. Rev. Stat. § 164.325(1)(a)(A). *See United States v. Door*, 917 F.3d 1146, 1151-52 (9th Cir. 2019).[2] Under the enumerated offenses clause, we look to the federal generic definition of arson, *see id.* at 1151, which requires "a willful and malicious burning of property," *United States v. Velasquez-Reyes*, 427 F.3d 1227, 1230 (9th Cir. 2005) (citation modified). Because "[t]he elements of willfulness and maliciousness are established by proof

---

[2] The parties agree that § 164.325(1) is divisible between subsections (a) and (b). Subsection (1)(a) is further divisible because it "lists alternative elements and thereby describes alternative crimes," rather than "different ways to prove a single set of elements." *United States v. Tagatac*, 36 F.4th 1000, 1004 (9th Cir. 2022).

that the defendant set the fire intentionally and without justification or lawful excuse," *United States v. Doe*, 136 F.3d 631, 635 (9th Cir. 1998), the federal definition "fully subsume[s]" § 163.325(1)(a)(A), *see Door*, 917 F.3d at 1151.[3]

4. Taylor argues the district court plainly erred by permitting the government to ask a witness about her decision to remain silent after her arrest. We have found plain error where the prosecution elicits testimony about a defendant's post-arrest silence. *See, e.g.*, *Guam v. Veloria*, 136 F.3d 648, 652-53 (9th Cir. 1998). But here, any error did not affect Taylor's substantial rights. *See United States v. Castro Alavez*, 167 F.4th 1056, 1068 (9th Cir. 2026). The officer's "scant" comments were a minor part of his testimony, *United States v. Whitehead*, 200 F.3d 634, 639 (9th Cir. 2000), and the district court promptly instructed the jury not to draw any inferences from Taylor's silence, *United States v. Wycoff*, 545 F.2d 679, 681-82 (9th Cir. 1976).

5. Taylor contends the district court plainly erred by permitting the government to introduce testimony implying she lied when she told arresting officers that the jacket she was wearing was not hers. "Testimony regarding a witness' credibility is prohibited unless it is admissible as character evidence." *United States v. Sanchez-Lima*, 161 F.3d 545, 548 (9th Cir. 1998). Here, any error

---

[3] To the extent Taylor argues that the district court cannot rely on the presentence report's narrative description or characterization of her prior offense, nothing in the record suggests that the district court did so.

did not affect Taylor's substantial rights because the testimony at issue was minimal and played only "a small part in the trial." *See United States v. Ramirez*, 537 F.3d 1075, 1086 (9th Cir. 2008). Moreover, the jury would have "doubted the truth of [Taylor's] statements regardless of" the officers' testimony. *United States v. Pino-Noriega*, 189 F.3d 1089, 1097 (9th Cir. 1999). One officer testified that the jacket Taylor was wearing appeared to fit her, and Taylor could not explain how she came to be wearing the jacket, offering only an implausible explanation that someone placed it on her while she was sleeping in her car.[4]

6. Taylor contends the district court plainly erred by allowing the prosecution to denigrate defense counsel during closing. Although "a prosecutor may not distort the trial process by leading the jury to believe that defense counsel is dishonest," the comments here fell "within normal bounds of advocacy." *United States v. Tomsha-Miguel*, 766 F.3d 1041, 1047 (9th Cir. 2014) (citation modified). The prosecutor addressed a "particular *statement* by defense counsel," *United States v. Tucker*, 641 F.3d 1110, 1121 (9th Cir. 2011), and did so in response to defense counsel's purported misstatement of the law, *see United States v. Rodrigues*, 159 F.3d 439, 451 (9th Cir. 1998).

---

[4] Even assuming the district court erred by permitting testimony about Taylor's post-arrest silence and her credibility, these purported errors do not demand reversal under the cumulative-error doctrine because they were not prejudicial. *See United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996).

7. Taylor concedes that her Second Amendment challenge to § 922(g) is foreclosed by our decision in *United States v. Duarte*, 137 F.4th 743 (9th Cir. 2025) (en banc).

**AFFIRMED in part, VACATED in part, and REMANDED.**

*United States v. Taylor*, No. 24-6464

BADE, Circuit Judge, concurring in part and dissenting in part:

Although I agree with the majority's disposition in other respects, I respectfully disagree with its decision to vacate Taylor's sentence and remand for resentencing because the majority's reasoning cannot be squared with the holding of *United States v. Dunnigan*, 507 U.S. 87 (1993). I therefore concur in part and dissent in part.

In *Dunnigan*, the Supreme Court held that before applying a two-level enhancement under U.S.S.G. § 3C1.1 based on the defendant's perjurious testimony, a district court must make an express finding, "independent" of its other sentencing findings, "of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury"—i.e., "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." 507 U.S. at 94–95. In so holding, the Court made clear that although "it is *preferable* for a district court to address each element of the alleged perjury in a separate and clear finding," it is not strictly necessary for a district court to do so. *Id.* at 95 (emphasis added). Thus, despite the lack of "separate and clear finding[s]" for each element of perjury, the Supreme Court nonetheless affirmed the district court's application of U.S.S.G. § 3C1.1 because the findings on the record

1

encompassed the necessary factual predicates for perjury. *Id.* No magic words were required, and this court's subsequent decisions should not be read to demand them. *Contra* Mem. Disp. at 2–4.

Here, although the district court did not make a separate and clear finding for each element of perjury, its findings nonetheless encompassed all of the factual predicates necessary to establish that Taylor committed perjury. The district court first identified Taylor's false testimony: "the expungement testimony." Then, after prompting from the government, it gave a combined reason for the materiality and willfulness elements: "the fact that [the testimony came] fairly shortly after one of the juror questions asked about expungement." And earlier in the hearing, the district court also found that Taylor "knew that her federal conviction, for which I had sentenced her and I was supervising her through this district, was not expunged." Thus, the district court made findings that establish (1) that Taylor testified falsely; (2) that she knew her testimony was false; (3) that her false testimony, if believed, might influence the jury's verdict; and (4) that the timing of her testimony in relation to the juror's question indicated that she consciously testified with the purpose of obstructing justice. The findings on the record therefore encompass all of the necessary factual predicates for perjury. *See Dunnigan*, 507 U.S. at 94; *see also United States v. Magana-Guerrero*, 80 F.3d 398, 400 (9th Cir. 1996) (explaining when false testimony is material); *United*

2

*States v. Taylor*, 749 F.3d 842, 848 (9th Cir. 2014) (explaining when false

testimony is given willfully). Accordingly, the district court did not err in applying

the two-level enhancement under U.S.S.G. § 3C1.1.[1]

I respectfully dissent from part 2 of the disposition.

---

[1] And even if the district court had failed to make sufficient findings on the record, any such error would be harmless in light of the utter implausibility of Taylor's explanation for why her false testimony was not willful and the many other times that she testified falsely during her trial. *See United States v. Ho-Romero*, 167 F.4th 1037, 1050 (9th Cir. 2026) (explaining when a failure to make sufficient findings under § 3C1.1 is harmless).